## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

NATIONAL ASSOCIATION OF TOBACCO :
OUTLETS, INC.; CIGAR ASSOCIATION OF :
AMERICA, INC.; LORILLARD TOBACCO :
COMPANY; R.J. REYNOLDS TOBACCO :
COMPANY; AMERICAN SNUFF :
COMPANY; PHILIP MORRIS USA INC.; :
U.S. SMOKELESS TOBACCO :
MANUFACTURING COMPANY LLC; US :
SMOKELESS TOBACCO BRANDS INC.; :
and JOHN MIDDLETON COMPANY, :
 :
        *Plaintiffs* :
 :
        v. : C.A. No. 12-96 ML
 :
CITY OF PROVIDENCE, Rhode Island; :
PROVIDENCE BOARD OF LICENSES; :
PROVIDENCE POLICE DEPARTMENT; :
MICHAEL A. SOLOMON, Providence City :
Council President, in his official capacity; and :
ANGEL TAVERAS, Mayor of Providence, :
in his official capacity, :
 :
        *Defendants* :
_____ :

### MEMORANDUM IN SUPPORT OF
### JOINT MOTION FOR LEAVE TO FILE
### BRIEFS AS *AMICI CURIAE*

    The (1) RHODE ISLAND DEPARTMENT OF BEHAVORIAL HEALTHCARE,

DEVELOPMENTAL DISABILITIES AND HOSPITALS and RHODE ISLAND

DEPARTMENT OF HEALTH;

    (2) the TOBACCO CONTROL LEGAL CONSORTIUM; and

    (3) the AMERICAN ACADEMY OF PEDIATRICS-RI CHAPTERS;  AMERICAN

CANCER SOCIETY CANCER ACTION NETWORK; AMERICAN CANCER SOCIETY,

1

NEW ENGLAND DIVISION, INC.; AMERICAN LUNG ASSOCIATION; AMERICAN LUNG ASSOCIATION IN RHODE ISLAND; CAMPAIGN FOR TOBACCO-FREE KIDS; CENTER FOR HISPANIC POLICY AND ADVOCACY (CHISPA); CHARIHO TRI-TOWN TASK FORCE ON SUBSTANCE ABUSE PREVENTION; CODAC BEHAVIORAL HEALTHCARE; DISCOVERY HOUSE; FAMILY SERVICE OF RHODE ISLAND; INITIATIVES FOR HUMAN DEVELOPMENT; INTERNATIONAL INSTITUTE OF RHODE ISLAND; JOHN HOPE SETTLEMENT HOUSE; MEETING STREET; NATIONAL ASSOCIATION OF COUNTY AND CITY HEALTH OFFICIALS; NATIONAL ASSOCIATION OF LOCAL BOARDS OF HEALTH; RHODE ISLAND COLLEGE SCHOOL OF NURSING; RHODE ISLAND MEDICAL SOCIETY; RHODE ISLAND PUBLIC HEALTH INSTITUTE; RHODE ISLAND STATE NURSES ASSOCIATION; SOCIOECONOMIC DEVELOPMENT CENTER FOR SOUTHEAST ASIANS; THE PROVIDENCE CENTER; UNIFIED INSIGHT CONSULTING; URBAN LEAGUE OF RHODE ISLAND; and YOUTH PRIDE INC.,

(collectively, "*amici curiae*"), file this memorandum in support of their joint motion for leave to file three *amicus* briefs in support of Defendants' position in this case. As discussed below, each of the three briefs will offer the unique perspectives of *amici* on key issues in this case, perspectives which are distinct from those offered by Defendants.

Specifically, the brief filed by the Rhode Island Department of Health and the Rhode Island Department of Behavioral Healthcare, Developmental Disabilities and Hospitals will address: (1) the public health benefits of the ordinances challenged by Plaintiffs, and (2) the State's and the public's interest in these ordinances being upheld. The brief filed by the Tobacco

Control Legal Consortium will focus on Plaintiffs' First Amendment arguments. The brief filed by the remaining *amici* will address Plaintiffs' federal preemption claims.

Given the absence of a federal rule of civil procedure or a local rule concerning the filing of *amicus curiae* briefs, *amici* respectfully request that if this Court grants this motion for leave to file three *amicus* briefs, the Court order *amici* to follow Rules 29 and 32 of the Federal Rules of Appellate Procedure and the associated local rules for the United States Court of Appeals for the First Circuit.

## I. The State Agency *Amici Curiae* Have a Strong Interest in Bringing to the Court's Attention the Public Health Benefits of the Ordinances and in Addressing the State's and the Public's Interest in Upholding the Challenged Ordinances.

Plaintiffs, some of the largest manufacturers and distributors of tobacco products in the world, peddle products that directly kill 1,600 Rhode Island adults each year, that cause 1,300 Rhode Island children each year to become new daily smokers, and that will cause 23,000 current Rhode Island children to die prematurely.[1] The outcome of this litigation will impact important public interests, including the health and safety of the citizens of Rhode Island who are threatened and harmed by tobacco products. Two state agencies—the Rhode Island Department of Health and the Rhode Island Department of Behavioral Healthcare, Developmental Disabilities and Hospitals—therefore seek leave to file an *amicus* brief addressing the public health benefits of these ordinances and the State's and the public's interest in having these ordinances upheld. These agencies have responsibility for protecting public health and safety in the State, and specifically for coordinating efforts to monitor and control the problem of nicotine addiction among Rhode Island residents. Accordingly, they are in a unique position to provide

---

[1] Campaign for Tobacco-Free Kids, THE TOLL OF TOBACCO IN RHODE ISLAND, http://www.tobaccofreekids.org/facts_issues/toll_us/rhode_island (last visited Apr. 14, 2012).

the Court with relevant information both about tobacco use and addiction rates in the state and about the extent to which the challenged ordinances advance the health and safety of the public.

## II.  *Amicus Curiae* Tobacco Control Legal Consortium Has a Long Record of Working to Protect the Public from the Harms of Tobacco and Has Extensive Experience With First Amendment Issues Involving Tobacco.

The Tobacco Control Legal Consortium is a national network of non-profit legal centers providing technical assistance to public officials, health professionals and advocates concerning legal issues related to tobacco and public health. Among its other activities, the Consortium supports public policies that will reduce the harm caused by tobacco use in the United States. The Consortium is supported by national advocacy organizations, voluntary health organizations and others.[2]

The Consortium serves as *amicus curiae* in cases where its experience and expertise may assist courts in resolving tobacco-related legal issues of national significance.[3] Many of the Consortium's briefs have specifically and prominently addressed First Amendment claims brought by the tobacco industry to challenge government regulation, including in the context of retail tobacco sales. For example, the Consortium filed an *amicus* brief addressing First Amendment issues in the Sixth Circuit's recent decision upholding almost all of the federal Family Smoking Prevention and Tobacco Control Act of 2009, *Discount Tobacco City & Lottery, Inc. v. United States*, No. 10-5234, 2012 WL 899073 (6th Cir. Mar. 19, 2012).

---

[2] The Consortium's coordinating office is located at the Public Health Law Center of the William Mitchell College of Law in St. Paul, Minnesota. Other affiliated legal centers include the Technical Assistance Legal Center (TALC) at Public Health Law & Policy in Oakland, California; the Legal Resource Center for Tobacco Regulation, Litigation & Advocacy (LRC) at the University of Maryland School of Law in Baltimore, Maryland; the Public Health Advocacy Institute at Northeastern University School of Law in Boston, Massachusetts; the Smoke-Free Environments Law Project (SFELP) at the Center for Social Gerontology in Ann Arbor, Michigan; the Tobacco Control Policy and Legal Resource Center at New Jersey GASP in Summit, New Jersey; and the Center for Public Health and Tobacco Policy at New England Law | Boston, serving New York and Vermont.

[3] To date the Consortium has filed twenty-nine *amicus* briefs in twenty-six separate cases in the United States, including cases before the Supreme Court of the United States; the Courts of Appeals for the Second, Fifth, Sixth, Ninth, and D.C. Circuits; the U.S. District Court for the District of Columbia; and the state appellate courts of California, Delaware, Florida, Kentucky, Minnesota, Montana, New Hampshire, Ohio, South Carolina, and Washington.

The Consortium exists to protect the public from the devastating health consequences of tobacco use.  It has a strong interest in this case, the first time that a First Amendment challenge has been brought against a straightforward tobacco pricing ordinance like that passed by the Providence City Council.  If this challenge succeeds, it would undermine many of the protections that the Consortium has worked to establish.

In particular, the Consortium believes that its extensive experience with and knowledge of First Amendment issues in tobacco regulation will be useful in illustrating how the tobacco industry's proposed radical expansion of the First Amendment to cover pricing strategies conflicts with decades of commercial speech precedent.  The Consortium can offer a historical and legal perspective that is otherwise unlikely to be provided.

**III.    The Public Health and Social Justice Organization *Amici Curiae* Have a Strong Interest in Ensuring that Federal Laws are Interpreted in a Manner that Appropriately Allows Local Governments in Rhode Island to Address the Unique Public Health Needs of Their Communities.**

The remaining *amici curiae* are organizations that work at the local, state, and national level to protect public health.  Many of these *amici* have a long history of working to protect the public from the dangers of tobacco use – the nation's leading cause of preventable death – and have filed *amicus* briefs in cases where the tobacco industry has argued that local tobacco control measures are preempted by federal laws, such as the pending appeal in the tobacco industry's challenge to New York City's in-store tobacco warning signs, *23-34 94th Street Grocery, Inc. v. New York City Board of Health*, No. 11-0091-cv (2d. Cir.).  These *amici* have a strong interest in ensuring that the traditional public health powers of Providence and other cities within Rhode Island, as well as the authority of the State itself, are not defeated by Plaintiffs' dangerously overbroad preemption arguments that aim to limit reasonable restrictions on the sale of tobacco.

5

Given their strong interest in public health and preserving local control, their experience in tobacco control initiatives and litigation throughout the country, and their expertise with the federal Family Smoking Prevention and Tobacco Control Act (FSPTCA) and the Federal Cigarette Labeling and Advertising Act (FCLAA), the *amici* public health organizations can provide a unique perspective on the proper scope of federal preemption in the wake of the FSPTCA generally, and as applied to the ordinances challenged by Plaintiffs here.

## Conclusion

For the above reasons, the *amici curiae* urge the Court to grant their motion for leave to file three *amicus* briefs in support of Defendants' position in this critically important case.

Respectfully submitted,

RHODE ISLAND DEPARTMENT OF BEHAVORIAL HEALTHCARE,
    DEVELOPMENTAL DISABILITIES AND HOSPITALS
RHODE ISLAND DEPARTMENT OF HEALTH

*By their counsel,*

/s/ Thomas J. Corrigan Jr.                               Dated:  April 16, 2012
Senior Legal Counsel
Rhode Island Department of Health
3 Capitol Hill
Providence, RI  02903
(401) 528-3562


TOBACCO CONTROL LEGAL CONSORTIUM

*By its counsel,*

/s/ Seth E. Mermin                                Dated:  April 16, 2012
Seth E. Mermin
Thomas Bennigson
PUBLIC GOOD LAW CENTER
3130 Shattuck Avenue
Berkeley, CA 94705
(510) 393-8254

AMERICAN ACADEMY OF PEDIATRICS-RI CHAPTERS
AMERICAN CANCER SOCIETY CANCER ACTION NETWORK
AMERICAN CANCER SOCIETY, NEW ENGLAND DIVISION, INC.
AMERICAN LUNG ASSOCIATION
AMERICAN LUNG ASSOCIATION IN RHODE ISLAND
CAMPAIGN FOR TOBACCO-FREE KIDS
CENTER FOR HISPANIC POLICY AND ADVOCACY (CHISPA)
CHARIHO TRI-TOWN TASK FORCE ON SUBSTANCE ABUSE PREVENTION
CODAC BEHAVIORAL HEALTHCARE
DISCOVERY HOUSE
FAMILY SERVICE OF RHODE ISLAND
INITIATIVES FOR HUMAN DEVELOPMENT
INTERNATIONAL INSTITUTE OF RHODE ISLAND
JOHN HOPE SETTLEMENT HOUSE
MEETING STREET
NATIONAL ASSOCIATION OF COUNTY AND CITY HEALTH OFFICIALS
NATIONAL ASSOCIATION OF LOCAL BOARDS OF HEALTH
RHODE ISLAND COLLEGE SCHOOL OF NURSING
RHODE ISLAND MEDICAL SOCIETY
RHODE ISLAND PUBLIC HEALTH INSTITUTE
RHODE ISLAND STATE NURSES ASSOCIATION
SOCIOECONOMIC DEVELOPMENT CENTER FOR SOUTHEAST ASIANS
THE PROVIDENCE CENTER
UNIFIED INSIGHT CONSULTING
URBAN LEAGUE OF RHODE ISLAND
YOUTH PRIDE INC.

*By their counsel,*

/s/ Donald A. Migliori                              Dated:  April 16, 2012
MOTLEY RICE LLC
Donald A. Migliori (#  4936)
Ronald L. Motley
Vincent I. Parrett
321 South Main St., 2nd Floor
Providence, RI 02903
Phone:   401.457.7700
Fax:       401.457.7708
dmigliori@motleyrice.com

## **CERTIFICATE OF SERVICE**

      I, Donald A. Migliori of Motley Rice LLC, hereby certify that on April 16, 2012, this memorandum of law was filed and served electronically through the Court's CM/ECF System on all counsel of record including:

Counsel for Plaintiffs:

Gerald J. Petros, Esq.
gpetros@haslaw.com
Adam M. Ramos, Esq.
aramos@haslaw.com
HINCKLEY, ALLEN & SNYDER, LLC
50 Kennedy Plazas, Ste. 1500
Providence, RI  02903

James R. Oswald, Esq.
joswald@apslaw.com
Kyle Zambarano, Esq.
kzambarano@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, R.I. 02903

Counsel for Defendants:

Anthony F. Cottone, Esq.
Deputy City Solicitor
acottone@providenceri.com
City Providence Law Department
444 Westminster Street, Suite 200
Providence, RI 02903

                              By:  /s/ Donald A. Migliori
                                    Donald A. Migliori (#  4936)
                                    MOTLEY RICE LLC
                                    *Counsel for amici curiae*